ROBERT BONYNGE, RESPONDENT, *v.* NELSON J. WATER-BURY, IMPLEADED WITH HENRY W. GENET, APPELLANT.

*Attorney — personal liability of — to pay fees of stenographers and others for services in the action — New trial on ground of newly-discovered evidence — when granted.*

As a general rule, an attorney will incur no personal liability by simply requesting the performance, for his client, of services rendered necessary by the progress of the case, *e. g.*, for the fees of a stenographer employed to take down and furnish a copy of the testimony, unless he expressly binds himself for their payment.

*Quære,* as to whether an exception exists as to the fees of clerks, sheriffs and other similar officers.

The law exacts from parties and their counsel in the trial of an action only reasonable diligence, and when that has been observed, and notwithstanding its exercise, material evidence, not of a cumulative character, which would probably change the result, has eluded their discovery, and is subsequently discovered, a proper case is presented for a new trial.

APPEAL from an order denying a motion made by defendant for a new trial on the ground of newly-discovered evidence.

*Nelson J. Waterbury,* appellant in person.

*George W. Palmer,* for the respondent.

DANIELS, J.:

The demand made by the plaintiff, and for which he recovered in this action, was for his services as stenographer in taking and reporting the evidence and proceedings upon the trial of an indictment in which the defendant acted as one of the counsel for the prisoner.

It appeared that the plaintiff understood that to be the defendant's relation to the case, at the time when it was claimed the employment took place. And before that the plaintiff had been requested to report the case by the client himself, and he also had sought that employment. The defendant was an agent for a known principal, and ordinarily would not incur a personal liability simply by requesting the performance of such a service for his client. Of course he could bind himself personally, and that would be the result when it followed from the nature of the agreement made and the intention of the parties. But without something more than the mere performance of his duties as counsel for his client such a liability would not be created, unless it might be for the fees of clerks, sheriffs and other similar officers. The rule of law upon this subject arose out of the peculiar relation existing between the client and his attorney and counsel, and the courts have not considered themselves at liberty to extend it, but in other cases, not within its terms, have regarded these officers as entitled to the same immunity as other agents acting on behalf of known principals. For that reason it has been held that an attorney who has not specially obligated himself to pay cannot be rendered liable for the fees of a referee. (*Judson* v. *Gray*, 1 Kernan, 408.) And it would seem to follow, from the reasoning of the opinion in that case as well as the authorities referred to in support of it, that the services and demand of the plaintiff should be controlled by that decision. The trial proceeded upon that theory and evidence was accordingly given in support of the action, tending to show that the defendant intended to become personally bound for the payment of the plaintiff's compensation. But while it probably justified the submission of the case to the jury it was far from being conclusive. The plaintiff's own relation of what transpired was given in an answer stating that " Mr. Waterbury requested me to furnish the minutes in court. He told me what I should furnish, what I should report, and I did so." And after the trial he stated that the defendant requested that his opening speech should be written out, "and he told me that if I would proceed and get out his opening I should be paid my bill." And in answer to the question whether Mr. Waterbury said he would pay it himself the plaintiff reponded he did. That was some time after the trial and, consequently, was only evidence tending to establish a liability

by showing a recognition of the obligation claimed to have been previously incurred. This was denied by the defendant, and in the conflict existing between the parties in their evidence the fact would have been very important if it had been shown, that the plaintiff had been definitely employed to report the case by the client himself, before any interview was had upon that subject with the defendant. It might very well have turned the scale against the plaintiff.

The affidavits produced upon the hearing of the motion render it probable that the fact of such an employment could be established by the evidence of Jonas, whose knowledge upon this subject is shown to have been discovered since the trial took place. He was in the plaintiff's service, and though present in court when the trial was had it was not known to the defendant that he could give evidence which would probably be sufficient to prove that fact. He might possibly have suspected from what was said in the course of the trial that Jonas possessed that knowledge. But in the excitement and progress of a contested trial laches cannot consistently be imputed to a party because he has failed to discover and avail himself of such a possibility. The plaintiff was engaged in the effort to show that the defendant had become liable to him. He was the contesting party in the case, and had no good reason for believing that proof could be elicited from a subordinate of the plaintiff which would tend to show the demand made to be a groundless one. Since the trial the defendant swears that he first made that discovery; and he is probably quite accurate in that statement, for if he had acquired that knowledge before the trial was closed he would not have failed to introduce proof of the fact into the case. Both himself and the person whose evidence is relied upon for a different result in the action swear in their affidavits that the information acquired was first communicated to the defendant long after the trial was had.

What the law exacts from the parties and their counsel in an action is reasonable diligence; and when that has been observed, and notwithstanding its exercise, material evidence, not of a cumulative character, has eluded their discovery which would probably change the result a case is presented for another trial of the cause.

The evidence relied upon in support of the motion in this case exclusively related to what had been done through the agency of

Jonas, between the plaintiff and the defendant's client. He was not a party to it and was not in fault for not having given it in evidence because he did not know of its existence. Upon the proofs before the court the motion for a new trial should have been allowed to prevail. The order appealed from should accordingly be reversed, with costs to the appellant on the appeal, and an order entered setting aside the verdict and directing a new trial upon the payment by the defendant of the costs of the trial already had.

Davis, P. J., and Brady, J., concurred.

Order reversed, with costs to the appellant on the appeal. Verdict set aside, new trial ordered upon payment by defendant of the costs of the trial already had.